### MEYER BROS. DRUG CO. v. N. W. WARD.

Delivered January 9, 1897.

**1. Charge of Court—Requested Charge Necessary, When.**

Failure of the court's charge to more particularly specify the various items of merchandise for which plaintiff might recover, is not available to defendant, where he asked no special charge in relation thereto.

**2. Same—Harmless Inaccuracy.**

Upon an issue as to defendant's liability for failing to deliver all goods set out in an inventory, a charge erroneously requiring defendant to have shipped all the goods from a certain point was harmless, where there was no dispute as to the part of the goods which had been shipped from another than the stated point, and accepted by plaintiff.

**3. Judgment Foreclosing Vendor's Lien—Awarding Possession.**

Where, in an action foreclosing a vendor's lien on land, there is no issue as to the right of possession, and the judgment merely adjudicates the amount due plaintiff, and orders the land sold to satisfy it, the defendant's right of possession is sufficiently recognized.

APPEAL from Hunt. Tried below before Hon. E. W. TERHUNE.

*Perkins, Gilbert & Perkins*, for appellant.

*Craddock & Looney*, for appellee.

FINLEY, ASSOCIATE JUSTICE.—This was a suit by appellee, brought against the appellant, in which he alleged that in April, 1894, he bought from appellant a certain stock of drugs, situated at Dallas, Texas, and paid therefor a tract of land of 320 acres, owned by him, and situated near Roberts, in Hunt County, Texas, and alleged that the stock of drugs was described in the invoice, which he examined, and appellant agreed that if all the goods described in said invoice were not in stock, it would fill out the stock with same, or goods of like kind and value, which he alleged that it failed to do, and prayed for judgment for the balance due thereon, to-wit, $1825.92, and for a decree adjudging and foreclosing the vendor's lien on the land conveyed to appellant.

Appellant answered, denying the allegations of appellee, and pleading specially that it was a "lump" trade; that is, the stock of drugs as it stood was traded for the land as it lay, with the addition that there was to be shipped to appellee a half barrel of alcohol and a barrel of whiskey. The cause was tried before a jury and resulted in a verdict and judgment in favor of appellee for the sum of $486.02, and for the foreclosure of the lien on the land described in appellee's petition. Motion for a new trial being overruled, appellant prosecutes this appeal, and assigns the errors hereinafter stated.

While there were sharp conflicts in the evidence introduced upon the trial, the jury were justified in finding in favor of plaintiff's theory and reaching the conclusions:

1. That plaintiff traded his land for the stock of drugs as described in the inventory, and that appellant agreed to make good any shortage in the articles set forth in such inventory.

2. That the stock of drugs delivered fell short of that described in the inventory exhibited at the time of the purchase.

3. The amount of the shortage, after deducting therefrom the amounts advanced to plaintiff by defendant and the rental value of the land, was as much as the sum named by the verdict.

The first assignment of error presented is directed at the third paragraph of the court's charge, as follows: "If the jury find from the evidence that the agreement between plaintiff and defendant was that plaintiff was to give defendant the 320 acres of land deeded it for the stock of drugs, etc., described in the old inventory, and that defendant agreed to ship to plaintiff the property specified in such inventory, and that if all the articles there enumerated were not in the stock, defendant would furnish other articles of like kind and value in lieu thereof; and if you further find that defendant failed to ship all the goods specified in such inventory, and failed to furnish goods of like kind and value in lieu of those scheduled in such inventory not shipped, then you should find for plaintiff the cash market value of the property defendant under such contract failed to ship."

The objection urged to this charge is, that it failed to specify the particular items which might be recovered for. We think the charge was sufficiently clear upon the issue to which it related. At any rate, if it failed in the particular complained of, a special charge should have been requested on the point by appellant, in order to enable it to complain before this court.

The next assignment of error complains of the fourth paragraph of the charge, as follows: "But if the jury find from the evidence that the agreement between the parties was that plaintiff would give defendant the 320 acres of land for a stock of drugs and other property which was in boxes in defendant's warehouse in Dallas, and in addition thereto a barrel of whiskey and half-barrel of alcohol, all of which was to be delivered to the railroad at Dallas for shipment to plaintiff at Roberts, and if you find that plaintiff agreed to take that property for

his land, and that defendant did deliver all such property to the railway company for shipment to plaintiff, then you should find for defendant."

The objection raised to this portion of the charge is that it required of appellant the delivery of all the property mentioned in said paragraph to the railway company, at Dallas, for shipment to plaintiff, while the evidence showed that some of the property was shipped from St. Louis and accepted by the plaintiff.

That which was shipped from St. Louis and received by the plaintiff was the whisky and alcohol, which was known not to be in the stock at the time of the purchase, but which, under the agreement, was to be added to it. There was no contention upon the trial that the stock as received by plaintiff was short as to these items shipped from St. Louis. The jury could not have been misled by the charge referred to.

It is assigned as error that the charge of the court on defendant's cross-bill authorized the recovery of the rental value of the land, when plaintiff was entitled to recover the rents which had actually been received by the plaintiff.

It is sufficient to say here, that defendant in its cross-bill alleged the rental value of the land, and its prayer was for the recovery of its rental value. It was not alleged that plaintiff had collected a certain amount of rents and a recovery asked therefor. The only proof as to the rents was the amount collected by plaintiff, and the jury evidently allowed a recovery for that amount as the rental value of the land. The charge upon the issue was in strict conformity to the pleadings of the defendant, and does not constitute reversible error.

The fifth assignment of error attacks the verdict as not being supported by the evidence. This assignment is not sustained by the record. The evidence justified the verdict of the jury.

In the sixth assignment, it is complained that the judgment of the court did not award to the defendant the possession of the land.

The cross-bill of the defendant does not ask for the recovery of possession. It only asks that the judgment of the court shall recognize its right to the possession. This, we think, the judgment does. The judgment is for a recovery in favor of plaintiff against the defendant, based upon the allegation that the land had been sold for the stock of drugs, which had not been fully delivered, and the recovery is for the part of the consideration not paid. The amount of the judgment is adjudicated to be a lien upon the land, and the land is ordered to be sold to satisfy the judgment. Upon the trial of the case there was no issue upon the defendant's right of possession; and we think that right is sufficiently recognized by the judgment of the court. The payment of the judgment would fully satisfy the claim of the plaintiff against the land, and leave no ground for dispute as to the right of possession.

We find no errors committed upon the trial, and the judgment is affirmed.

*Affirmed.*